RANDY LUCKY, KENNETH WILLIAM ANGLE AND LARRY CLYDE SALISBURY, APPELLANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 20048

December 6, 1989                    783 P.2d 457

*Paul A. Sherman,* Carson City, for Appellant Lucky.

*Daniel Wong,* Reno, for Appellant Angle.

*Martillaro & Martillaro,* Carson City, for Appellant Salisbury.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Larry Guy Sage,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On April 16, 1987, the state filed in the justice's court criminal complaints against appellants. One complaint charged appellant Angle with four counts of asking or receiving a bribe by a public officer in violation of NRS 197.040. Another complaint charged appellant Salisbury with four counts of bribing a public officer in violation of NRS 197.020. The third complaint charged appellant Lucky with one count of bribing a public officer in violation of NRS 197.020.

On May 1, 1987, at the scheduled preliminary hearing for appellants Angle and Lucky, the state called all three appellants to testify. Each of the appellants invoked their rights against self incrimination under the fifth amendment of the United States Constitution, and each of the appellants was thereafter held in contempt of court by the justice of the peace. Although the justice's court remanded appellants to the custody of the Washoe County Sheriff, it also released appellants on their own recognizance and prohibited them from leaving the State of Nevada. The justice's court also stayed the preliminary hearing to permit appellants to challenge the contempt citations.

On May 13, 1987, and August 7, 1987, respectively, appellants filed in the district court the instant petitions for writs of habeas corpus challenging the decision of the justice's court to hold them in contempt of court. The state opposed the petitions,

and the petitions were later consolidated for disposition by the district court. On July 31, 1987, the district court held a hearing on appellants' petitions and on April 20, 1989, entered an order denying appellants' petitions. This appeal followed.

The state called appellants to testify at the preliminary hearing pursuant to NRS 199.090. That statute provides:

> Every person offending against any of the provisions of law relating to bribery or corruption shall be a competent witness against another so offending and shall not be excused from giving testimony tending to criminate himself, but such testimony shall not afterward be used against him in any judicial proceedings, except for perjury in giving such testimony.

Appellants contend that NRS 199.090 provides only "use" immunity to a defendant who is compelled to testify against himself in a criminal proceeding that involves bribery or corruption. Because the statute does not prohibit the use of evidence derived from the compelled testimony, appellants contend that the immunity provided by NRS 199.090 is constitutionally inadequate to protect their fifth amendment rights. *See* Kastigar v. United States, 406 U.S. 441 (1972). Therefore, they argue that the district court erred when it denied their petitions for writs of habeas corpus challenging the contempt citations of the justice's court. We disagree.

In its order denying appellants' petitions, the district court determined that NRS 199.090 "should be read to include both use and derivative use immunity so as not to violate [appellants'] constitutional rights." It is well-settled in this state that "[w]here the intention of the legislature is clear, it is the duty of the court to give effect to such intention and to construe the language of the statute to effectuate, rather than to nullify, its manifest purpose." Sheriff v. Lang, 104 Nev. 539, 542, 763 P.2d 56, 58 (1988), *quoting* Sheriff v. Luqman, 101 Nev. 149, 155, 697 P.2d 107, 111 (1985). Courts presume that a statute is constitutional, and are reluctant to invalidate a statute when the purpose of that statute is in the best interests of the public. *See* Ex parte Iratacable, 55 Nev. 263, 276, 30 P.2d 284, 287 (1934).

Crimes involving the bribery and corruption of public officials are invariably committed in secret; the participants are usually the only persons that know the facts of the offense. Because of this, such crimes can be extraordinarily difficult to prosecute. NRS 199.090 was clearly intended by the legislature to ease the burden of prosecuting offenses that involve the corruption of public officials in this state. A statute can serve no higher public

purpose. Under the circumstances of this case, we conclude that the district court did not err when it interpreted NRS 199.090 to confer derivative use immunity on appellants. To hold otherwise would have rendered the statute unconstitutional and defeated the legislative intent to facilitate the prosecution of crimes involving the corruption of public officials. Because the district court correctly interpreted NRS 199.090 to provide appellant's with derivative use immunity, we conclude that appellant cannot demonstrate error in the justice's court's contempt citations. Thus, the district court properly determined that appellants are not entitled to writs of habeas corpus. Accordingly, we affirm the judgment of the district court.[1]

---

[1]In light of this disposition, we note that appellants can purge themselves of their contempt by testifying at the preliminary hearing.